Bertha D. Baur et al., Appellees, v. The Ray Schools–Chicago, Inc., Appellant.

Gen. No. 44,368.

158

Opinion filed March 1, 1949. Released for publication April 26, 1949.

EDWARD P. McKEOWN, JAMES C. O'BRIEN and RAYMOND J. BOLAND, all of Chicago, for appellant.

MONTGOMERY, HART, PRITCHARD & HERRIOTT, of Chicago, for appellees; L. EDWARD HART, JR. and EDWARD McCAUSLAND, both of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Bertha D. Baur et al., plaintiffs, filed a "complaint in equity" against The Ray Schools–Chicago, Inc., a corporation not for profit, defendant, in which they prayed for the issuance of a temporary injunction, later to be made a permanent injunction, restraining defendant from maintaining or operating "a school of any variety" on its premises known as 1551 Astor street, Chicago. *Without notice to defendant* the chancellor, upon the verified complaint, entered an order enjoining defendant from maintaining or operating *"a school of any variety"* on the premises in question during the pendency of the action. Defendant filed an answer to the complaint, and also filed a motion to dissolve the temporary injunction. After a hearing

upon the motion it was denied upon motion of plaintiffs. Defendant appeals.

The verified complaint alleges that the individual plaintiffs are the owners and residents of their respective homes, all located in the 1500 block on North Astor street, and that defendant purchased the property at 1551 North Astor street and has threatened to establish its vocational school in said premises, in violation of the zoning laws of the City of Chicago; that such premises, lying within the municipal limits of the City of Chicago, are subject to the provisions of the Chicago Zoning Ordinance, passed by the City Council April 5, 1923, and from time to time thereafter amended, which ordinance is now in full force and effect; that under said Chicago Zoning Ordinance the property upon which The Ray Schools–Chicago, Inc., seeks to operate and maintain a vocational school, and the property owned by each and every one of the plaintiffs, is zoned as a (single) family residence district in accordance with the provisions of Section 5 of said ordinance; that the use of such premises as a vocational school as threatened by defendant will constitute a violation of such ordinance and will create a nuisance through which the property owned by plaintiffs and their use and occupancy as their homes will be interfered with to a degree which cannot be measured or compensated in money damages, and the damages will be of an irreparable nature; that since defendant is a corporation not for profit, a suit at law against it would be unavailing; that the property of defendant is close to the premises of plaintiffs, varying in distance from 50 feet to 600 feet, and that the school threatened to be established by defendant is designed to accommodate 400 students, whose coming and going in automobiles will create a nuisance and cause a parking problem in an area zoned for (single) family residences, and will cause plaintiffs to suffer a loss of enjoyment of the premises owned by them; that the two sides of Astor

street lying between North avenue and Burton place constitute one of the oldest and most valuable sections of the City of Chicago and contain many residences of historical and civic importance; that the properties of plaintiffs are occupied by them as private residences and each of said properties has a market value in excess of $50,000, which values will be greatly depreciated if defendant carries out its wrongful acts and purposes, and houses of historical importance, well known as municipal landmarks, will be so depreciated in value that they can no longer be maintained as homes, and may cause the said properties in said block to be abandoned for residential purposes. The complaint concludes with a prayer for a temporary and permanent injunction restraining defendant from maintaining or operating ''a school of any variety'' on the premises commonly known as 1551 Astor street, Chicago. Defendant filed a verified answer in which it denies most of the allegations of the complaint and states that prior to the institution of these proceedings it instituted certain proceedings in the Circuit court of Cook county against the City of Chicago which culminated in the entry of a judgment order by Judge Fisher finding that The Ray Schools–Chicago, Inc. (hereinafter also called Ray Schools), had the lawful right to use the premises at 1551 North Astor street for its school purposes, notwithstanding the Chicago Zoning Ordinance, and further restraining the City of Chicago (hereinafter also called City) from interfering with said use by Ray Schools. The answer sets up the various pleadings in said cause and alleges that the City in defending said proceedings was acting as the representative of all citizens and residents of the City, and that plaintiffs being residents and citizens of Chicago were represented therein and are now bound by said judgment order; that the entry of said judgment order was known to plaintiffs prior to the time they procured the issuance of the injunction

herein without notice to defendant, and charges that plaintiffs acted in bad faith in concealing that fact from the court. Plaintiffs filed a verified reply to defendant's answer, in which they admit the proceedings in the Circuit court before Judge FISHER, as alleged in defendant's answer, but deny that the judgment order entered by Judge FISHER is still in full force and effect, as the City has filed a notice of appeal to the Supreme court; deny that the City in said proceeding before Judge FISHER acted on behalf of one or all plaintiffs, and deny that plaintiffs are bound by the order entered in said cause; deny that they had any knowledge of the said proceedings before Judge FISHER until subsequent to the time the judgment order was entered by Judge FISHER.

In considering this appeal we have taken notice of the opinion we have filed this day in the case of *The Ray Schools–Chicago, Inc., a corporation not for profit, v. City of Chicago, a municipal corporation,* that involves the appeal of the defendant, City of Chicago, from the judgment entered by Judge FISHER.

Defendant contends that the question as to violation by defendant of the Chicago Zoning Ordinance was adjudicated in the proceedings before Judge FISHER and plaintiffs are bound by that judgment order and precluded from relitigating the controlling question in both proceedings, viz., that the use of defendant's premises as threatened will constitute a violation of the Chicago Zoning Ordinance. In the hearing before Judge REID upon defendant's motion to vacate the injunctional order plaintiffs contended that they were not bound by the judgment order entered against the City in the proceedings before Judge FISHER; that plaintiffs in this suit were not parties to that suit, and that "it is the general rule of law that the doctrine of *res judicata* concludes only parties to the action in which the judgment was rendered and their privies, in blood or estate"; that the City in that

suit "was defending only a public right, namely the validity of an ordinance, and was not and could not defend the private individual property rights of the plaintiffs in the case at bar . . . ." Defendant contends that the City in defending the action before Judge FISHER did so as the representative of all citizens and residents of the City and that all such citizens and residents are bound by the judgment therein entered; that the City did, in fact, defend the rights of plaintiffs in the instant case. Plaintiffs, in support of their position, cite *Ohio Life Ins. Co. v. Board of Education,* 387 Ill. 159, and several other cases akin to it. These cases would be in point if the interest of plaintiffs were adverse to that of the City of Chicago in the action before Judge FISHER, but the record proves conclusively that such was not the fact. It appears from our opinion in the case tried before Judge FISHER that after Judge FISHER had ruled that the ordinance in question was void as to Ray Schools' property the assistant corporation counsel persistently and strenuously contended, on the record and *off the record,* that if the court held the ordinance invalid serious consequences to the properties of Astor street residents might follow, and that there should be some declaration in the judgment order as to how the property of Ray Schools was to be used, because if there was no ordinance Ray Schools "could put a grocery store there." The court stated that because of the argument of counsel, that serious consequences might follow if the court held the ordinance invalid, in order "to protect the property from any other use except this school," he would limit the order he would enter so that Ray Schools might have the use of its property for school purposes only. We stated in our opinion that in view of the nature of the judgment that the court first intended to enter it was clear he was unduly influenced by the argument of counsel for the City and that as a result of the argument of the corporation

counsel the court abandoned the ruling that he had intended to make, viz., that the ordinance in question insofar as it affected Ray Schools was void. It appears, therefore, that the corporation counsel not only presented the rights of plaintiffs in the instant suit in the proceedings before Judge FISHER, but won an important victory for them. The argument of plaintiffs that they were not concerned in the proceedings before Judge FISHER appears absurd when it is noted that counsel for plaintiffs in the instant case in the hearing before Judge REID stated that the City allowed counsel for plaintiffs in the instant case to take over ''the work of making the appeal, writing the briefs and abstracts,'' in the matter of the appeal from the judgment order entered by Judge FISHER, and the names of two of plaintiffs' counsel appear upon the brief filed by them in behalf of the City. As to the effect of the action of plaintiffs' counsel in assuming the prosecution of the appeal from the judgment entered by Judge FISHER, see *Board of Education of Chicago v. Crilly,* 312 Ill. App. 16, 28, 29. The argument of plaintiffs that the City in the case before Judge FISHER ''could not defend the private individual property rights of the plaintiffs in the case at bar, not parties to such suit,'' in view of the record, is not persuasive. The contention of plaintiffs that the judgment order entered by Judge FISHER has been appealed to the Supreme court of Illinois and that that appeal acts as a *supersedeas,* if sound, shows that there was no necessity for the temporary injunction in the instant case. Moreover, Ray Schools cannot use its property for school purposes unless the Commissioner of Buildings should issue any and all permits to which it would be entitled and required under the pertinent building regulations of the Municipal Code of Chicago for the purpose of reconstructing, remodeling or repairing the improvements on its property to adapt them for school purposes of the type and character now en-

gaged in by it, and it is clear from the record that the City will not issue such permits until the subject matter of the proceeding before Judge FISHER has been finally determined by appellate courts. In the hearing before him, Judge REID stated that defendant could not get a permit from the City until the appeal from the judgment entered by Judge FISHER is disposed of. In denying the motion to vacate the injunctional order Judge REID stated that the appeal of the City in the case before Judge FISHER operated as a *supersedeas;* that defendant "does not have *res judicata* until the appellate court disposes of the matter," and that if defendant was successful upon the appeal it would have *res judicata,* and it might then renew its motion to vacate the order.

The complaint alleges that "the two sides of Astor Street lying between North Avenue and Burton Place . . . constitute one of the oldest and most valuable sections of the City of Chicago and contain many residences of historic and civic importance," and that the use or occupancy of defendant's premises as a vocational school will not only constitute a violation of the ordinance, but "will create a nuisance through which the property owned by the plaintiffs, and their use and occupancy of the premises by them owned as their homes and residences, will be interfered with to a degree and extent which cannot readily be measured or compensated in money damages." Plaintiffs argue that "the operation of a vocational school accommodating 400 or more students, with the consequent congestion of traffic in that area, would constitute a serious nuisance and invade the rights of plaintiffs and their children to the quiet enjoyment of their homes." Plaintiffs' complaint prays that defendant may be enjoined "from maintaining or operating *a school of any variety* on the premises," and the order entered by Judge REID followed that prayer. Plaintiffs' argument assumes that the mere operation of any school defendant might conduct on Astor street would create

a nuisance as a matter of law. In passing upon plaintiffs' argument, we feel impelled to quote from the opinion of Judge FISHER in deciding the case before him: "The only conceivable reason that I could imagine for zoning this isolated spot as it was would be a certain number of rich people have a particular street on which they would like to live undisturbed in their seclusion and in their luxury, undisturbed by anything whether it has a relation to the common good or not, and for some reason or other they seem to have succeeded in acquiring this special privilege." We have no doubt that plaintiffs believe that the maintenance or operation of "a school of any variety" on Astor street would constitute a nuisance to them, but it is surprising that they would dare to raise, in an American court, the contention that the "operation of a school of any variety" on Astor street would constitute a nuisance as a matter of law. Our Supreme court held, in *Joseph v. Wieland Dairy Co.*, 297 Ill. 574, that a stable in which horses are kept, even in a residence district of a large city, is not necessarily a nuisance as a matter of law. The claim that Ray Schools, if operated on Astor street, would create a nuisance as a matter of law is so devoid of merit that it lends no support to the strained argument that the complaint in the instant case involves an issue that was not present in the proceedings before Judge FISHER. It is only fair to Judge REID to state that his refusal to vacate the temporary injunctional order was not based upon the claim of nuisance set up in the complaint. If the operation of the school should create a nuisance in law and fact, appropriate action would bring about an abatement of the nuisance.

As appears from our opinion upon the appeal from the judgment order entered by Judge FISHER, the controlling question in that case was, Is the Chicago Zoning Ordinance, as amended, insofar as it pertains to plaintiff's (The Ray Schools–Chicago, Inc.) property, arbitrary, unreasonable, capricious, and void? That

question will be finally decided in the case heard by Judge FISHER. The controlling question in the instant case is the same, and the present proceeding is plainly an effort to have a second judge pass upon that question.

After a careful consideration of the instant appeal we have reached the conclusion that the temporary injunctional order should not have been entered and that the chancellor erred in denying defendant's motion to vacate that order.

The injunctional order entered by the Circuit court of Cook county October 14, 1947, is reversed.

*Injunctional order entered October 14, 1947, reversed.*

SULLIVAN, P. J., and FRIEND, J., concur.